## Owens v. Georgia Life Insurance Company.

(Decided June 18, 1915.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1. Bonds—Surety—Right of Action on Bond in the Obligee.—The obligee of a bond is the only one who can enforce liability of the surety thereon, unless by virtue of a statute or of an express provision in the instrument.

2. Damages—Personal Injuries—From Obstruction in Street—Negligence of Contractor in Causing—City and Contractor Both Liable—Surety of Contractor Not Primarily Liable.—Where the work of constructing a sewer was let by a city to a contractor who gave bond for the faithful performance of the work and to indemnify the city against loss or damage for any injury that might be caused another in its performance, and the contractor, in doing the work, negligently left an obstruction on the sidewalk over

which the plaintiff, a woman, fell and was injured, in a suit brought by the latter for damages against the city, contractor and surety of the contractor jointly; held, that the joinder was proper as to the city and contractor, each being primarily liable for the injury, if it was caused by the negligence of the contractor; the city being liable because it could not delegate to another the duty of keeping its sidewalk free from obstructions, so as to relieve itself of liability to a person injured on account of its unsafe condition by reason of the obstruction; and the contractor being liable because its negligence directly caused the injury. But in such case the surety in the latter's bond could not, in the absence of a provision in the charter of the city, or an express stipulation in the bond, to that effect, be made liable to the plaintiff for the injury, until the liability of the city or contractor therefor be first adjudged; hence the ruling of the circuit court in sustaining the surety's demurrer to the petition was not error.

KOHN, BINGHAM, SLOSS & SPINDLE for appellant.

HUMPHREY, MIDDLETON & HUMPHREY and FRED FORCHT, JR., for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, Lillie A. Owens, claiming to have sustained painful and permanent physical injuries by falling over an obstruction on a public sidewalk in the city of Louisville, and that such injuries were caused by the negligence of the city and of James Ferry & Sons, a contracting corporation, engaged at the time in constructing a sewer along the street where the accident happened, brought this action for damages against the city, James Ferry & Sons, and the appellee, Georgia Life Insurance Company, surety on the bond of James Ferry & Sons, as contractors. The appellee, Georgia Life Insurance Company, filed a demurrer to the petition, which was sustained, and the appellant having failed to plead further as to that company, her petition was dismissed as to it. This appeal brings to us for review the judgment manifesting these rulings.

It is the contention of the appellant that by the terms of the contract in which appellee became the surety of James Ferry & Sons, contractor, it became primarily and directly liable to any person injured by the negligence or default of its principal, growing out of the latter's construction of the sewer for which the bond was given, for which reason it can be joined with the principal in the action brought by appellant for the injuries

sustained by her from such negligence of the principal. On the other hand, it is the contention of the appellee that its contract is exclusively one of indemnity, and that in order to impose any liability upon it under and by virtue of the contract in question, a liability must first be placed upon its principal, the contractor.

In determining which of these contentions should prevail, it becomes necessary to consider the contract upon which the liability of the appellee for the injuries sustained by appellant is attempted to be rested. As the contract embraces eighty-seven pages, its great length precludes its insertion in the opinion, but so much thereof as we regard pertinent to the question here involved is as follows:

"THIS AGREEMENT, made the —— day of December, 1912, between the City of Louisville, party of the first part, and James Ferry & Sons, principal, and Georgia Life Insurance Company, surety, parties of the second part. WITNESSETH: That the said parties of the second part agree and bind themselves that the said James Ferry & Sons, principal, herein designated as contractor, and Georgia Life Insurance Company, surety, will construct a sewer," etc. (Page 65 of contract.)

On page 85 of the contract will be found the following provisions:

"It is further expressly stipulated and agreed by said parties of the second part, as a part consideration of this contract, that the Contractor will comply with the requirements of the Eighteenth Section of an ordinance of the City of Louisville, entitled 'An ordinance regulating the use of public ways in the City of Louisville,' approved September 16th, 1895; and that said parties of the second part will pay all damages for personal injuries to any one on account of any damages growing out of or upon any part of the work embraced in this contract, or any obstruction placed upon any street or sidewalk of said city by any one while engaged in or about the performance of said work, and will pay all damages for injuries to, or encroachments upon, the property of abutting lot owners or other persons in completing the whole or any part of the work herein mentioned, and will defend all suits and *hold the party of the first part harmless against any and all loss or damage on account of either said personal injury or injuries to property,* and no officer, agent, or employee of

said city, other than the Board of Public Works by written order, certified by its secretary, shall have the right, power or authority to do any act or give any direction, verbal or written, by or under which the obligations of the said parties of the second part hereunder shall be in any way altered, changed or waived."

The argument of appellant's counsel that a principal and surety are joint obligors and may be sued jointly by the obligee, cannot be gainsaid, but here the obligee in the bond is not suing. The rule with respect to the right of action upon such a bond is correctly stated in 32 Cyc., page 120, as follows: "The obligee of a bond is the only one who can enforce the liability of sureties thereon, unless by virtue of a statute or of an express provision in the instrument." .

Appellant does not claim the existence of a statute which permits a person other than the obligee to maintain such an action as she has brought against the appellee. Section 3752, Kentucky Statutes, provides that an action may be brought on an official bond by the Commonwealth for her benefit, or for that of any county, corporation or person injured by a breach of the covenant or condition, at the proper costs of the party suing, against the parties jointly or severally, and a recovery had against the surety as well as the principal, the amount recoverable, however, as far as the surety is concerned, being limited by Section 186d, Kentucky Statutes, to the amount named in the bond; but we are aware of no statute allowing an action like that brought by appellee to be instituted by one not an obligee in the bond, against a principal and his surety jointly. There are cases, however, in which an action may be maintained by a third party against the principal and surety in such a bond, jointly, but in such case the third party must be a person for whose benefit the contract was made.

A case belonging to this class is that of Federal Union Surety Co., etc., v. Commonwealth, etc., 139 Ky., 92. In that case the State's Board of Sinking Fund Commissioners, having in control the construction of a State Capitol, in requiring of the chief contractor a bond for the faithful performance of his contract, with surety approved by the board, inserted therein this provision: "And before final payment is made, the contractor shall furnish satisfactory evidence that he has paid for all materials used in the construction of said

work and satisfied the claims of all laborers and sub-contractors doing work thereon." This provision in the bond, it was held, being for the benefit of the sub-contractors, laborers and material men, gave them a right of action against the surety without first suing and fixing the liability of the principal in the bond. In the opinion it is said:

"When we consider the terms of the contract and bond and the evident care taken by the contracting parties with reference to the provision in favor of the laborers and materialmen, we have no doubt that it was the intention of the contracting parties to insert the provision in question both for the benefit of the Commonwealth and the benefit of the laborers and materialmen. * * * But it is insisted that the board was under no legal duty to incorporate in the bond the provision for the benefit of the laborers and materialmen, and that, therefore, the latter have no right of action on the bond. We conclude, however, that the benefit which the board and the Commonwealth derived from the provision in question, and the liability of the fund in the hands of the board to be subjected to liens by the sub-contractors, were sufficient to authorize the board to make the contract and bond in question for the benefit of the laborers and materialmen. Morrison v. Payton, 31 Ky. Law Rep., 992. Being of the opinion that the board was authorized to take the bond, and to insert therein a provision for the benefit of appellees, we have no doubt of the right of the latter to bring this action to recover on the bond in question."

As the State cannot be sued without authority conferred by an act of the legislature, it is manifest that the reason existing in that case for protecting the laborers and materialmen does not obtain with respect to persons injured in using the sidewalks of Louisville, for they are protected in having a cause of action against the city and the contractor, if injured by their negligence. Moreover, the right of sub-contractors, laborers, and materialmen to sue on a contract of indemnity constitutes an exception to the general rule against allowing third parties to sue on such contracts, such right being allowed where the contractor's bond requires him to pay for all material and work. Sub-contractors and materialmen cannot, however, bring a direct action against the surety when there is no express provision

for a payment for labor or materials, either in the contract or bond, and it does not purport to be for their benefit. Elliott on Contracts, Section 1418.

Our interpretation of the contract in question leads us to the conclusion that it is to be regarded as one made between the city of Louisville and James Ferry & Sons whereby the latter undertook to construct the sewer, appellee being merely a surety therein. If in the performance of the contract the contractor fails to perform any obligation it imposes upon him it will be incumbent upon the appellee, as surety, to make good the default of the principal. If, in the performance of the work, the contractor's negligence, either in the matter of obstructing the street or sidewalk or otherwise, causes injury to a person traveling the same, while the surety may be made liable for such negligence, such liability can only arise after the liability of the principal, or that of the city through the negligence of the principal, shall have been established.

The precise question here involved does not seem to have been decided in this jurisdiction. Paducah Lbr. Co. v. Paducah Water Supply Co., 89 Ky., 34, and Kenton Water Co. v. Glenn, 141 Ky., 529, relied on by appellant, do not militate against the conclusion we have expressed. Those were cases in which the water companies had, by contract with the city, obligated themselves to furnish a supply of water sufficient for the protection of the inhabitants and property of the city against fire, and the cases were held to come within the rule which permits a party for whose benefit a contract is made to sue thereon in his own name. The contracts were directly and expressly made for the benefit of the inhabitants of the city, who would otherwise be without protection or remedy. The waterworks not being owned by the city, it would not be responsible for the failure of the water company to supply the inhabitants of the city with water; but, being under the duty of seeing that the inhabitants of the city are furnished with a supply of water necessary for consumption and to prevent fires, the city, on behalf of its inhabitants, made the contract with the water company solely for the benefit of the former. Such a contract could not well have been made in a manner that would have excluded any inhabitant of the city from its benefits, or from the right to recover damages resulting from a breach of the contract by the

water company. In the instant case, however, pedestrians and others having a right to the use of the sidewalks and streets of the city of Louisville, even if the surety were not a party to the contract, or in the absence of the contract altogether, have a remedy against both the city and the contractor. In other words, looking at the intent and purpose of the contract, it must be regarded as one made for the express purpose of protecting the city itself, the citizens being already protected by their right of action against the city and the contractor.

In Simons v. Gregory, 120 Ky., 116, a person injured by the falling of an elevator in the Jefferson County courthouse sued the members of the fiscal court, the jailer as custodian of the courthouse, the constructor of the elevator and the Fidelity & Casualty Company, the latter having entered into a contract with the fiscal court of Jefferson County by which it bound itself to the fiscal court to indemnify it and the county of Jefferson against any loss which it might sustain by reason of any accident or injury that might result to any person on account of the elevator. A demurrer was sustained to the petition in the circuit court and the petition dismissed. In affirming that judgment we held that as to Jefferson County, the fiscal court, the county judge, justices of the peace and jailer, the ruling of the circuit court followed a long line of decisions in this jurisdiction, to the effect that neither the county, the fiscal court nor county officers are liable to a person injured from defects in the county highways, bridges or other structures which the county is by law required to maintain. The constructor of the elevator was held not liable because he did not know and could not, by the exercise of ordinary care, have known, that it was in a dangerous condition or unsafe for the purpose for which it was used. It was further held that the Fidelity & Casualty Company was exempt from liability upon the ground stated in the following excerpt from the opinion:

"As to the Fidelity & Casualty Company, as its contract was only to indemnify the county and fiscal court against loss, no action can be maintained against it by the plaintiff, where neither the county nor the fiscal court are liable to her."

While the facts of the case, *supra*, are not analogous to those here involved, the principle it announces, viz.,

that before a liability can·be placed upon· an·indemnitor, a liability must first be placed upon the indemnitee, is equally applicable to·the surety in ·a bond of indemnity. There must be a liability fixed upon the indemnitee, or principal indemnitor, in order to impose a liability upon the surety.

In Clark v. Bonsal, 157 N. C., 270, the administrator of a deceased employe, who had lost his life through the negligence of his employer, sued the latter and the Maryland Casualty· Company, which had issued to him a policy of indemnity. In the opinion it is said: ·

"In construing contracts of this character the courts have generally held that if the indemnity is clearly one against loss ·or damages, no action will lie in favor of the insured till some damage has been sustained, either by payment of the whole or some part of an employe's claim, * * * unless the contract expressly provides that it is taken out for the benefit of the injured employes, and payment of recoveries by them, none of the cases hold that an injured employee may, in the first instance, proceed directly against the insurance company. * * *"

In Taylor v. Dunn, 16 S. W., 740, it is said with respect to such a contract as the one under consideration:

. "In construing such a contract, the power of a municipality to contract, as well as the subject matter of the contract and the purpose intended to be accomplished by it, should all be looked to; and it ought never to be inferred that a contract made by a municipal corporation was intended to inure to the benefit of individuals unless its charter, expressly or by necessary implication, confers the power to make contracts to inure to the sole benefit of individuals, and the intent so to do clearly appears in the contract itself."

To the same effect are the following additional authorities: Searles v. City of Flora, 225 Ill., 167; State v. St. L. & S. F. Ry. Co., 125 Mo., 596; Allen v. Aetna Life Ins., Co., 145 Fed., 881; Texas Midland R. Co. v. Miers, et al., 37 S. W., ·640; Frey v. Railway Co., 86 Texas, 465.

It is insisted for appellant·that her contention as to her right to maintain this action against the surety on the contractor's bond is sustained by the cases of Smyth 'v. City of New York, 203 N. Y., 106, and Jenree v. Metro,

St. Ry. Co., 121 Pac.; 510. In the first case it appears that through the negligence of a sub-contractor engaged in the construction of the rapid transit subway in New York City plaintiff's abutting property was injured by an explosion of dynamite. The action was brought against the city to recover for the injury thus inflicted. It was held that the city was not liable for the negligence of the contractor to whom the work had been let, but that the contractor was liable for the damages sustained by reason of the negligence of the sub-contractor. But the non-liability of the city was based upon the ground that the contract of indemnity executed by the contractor was not for the benefit of the city, but for that of the abutting property owners, for damages arising from the improper construction or unreasonable use and occupation of the streets; for which reason the abutting owner, although not named in the contract of indemnity, could maintain an action against the contractor. It will be observed that no surety of the contractor was involved in that case. The action was brought against the city, which was not liable for the injuries sustained. According to the opinion, the contractor and not the city was the party against whom the suit should have been brought.

In the second case, Jenree v. Metro. St. Ry. Co., the plaintiff, who was injured while traveling upon a sidewalk forming part of a viaduct occupied by the track of the Metropolitan Street Railway Company, recovered damages against both the city and the street railway company therefor. It was held by the Supreme Court of Kansas that as by an ordinance of the city the street railway company was granted the right to construct and operate its railway over the viaduct, forming a part of a street in the city, upon condition that it should repair and maintain in good condition and safe for public travel all parts of the viaduct, and that though the plaintiff's injuries were sustained by reason of the unsafe condition of a part of the viaduct not occupied by the tracks of the street railway, she might recover directly from the railway company, as well as the city, the damages resulting from the injury; it being so held because the former's negligence caused the injury, and the ordinance further provided that the railway company should respond to the city and save it harmless from damages resulting from acts and negligence of the rail-

way company, and did not confine the railway company's liability to the city alone. The action was not one against a surety, but against joint tort feasors, one being the city, which could not delegate to another the duty of keeping its street in repair so as to relieve itself of liability to a person injured from its unsafe condition, and the other the street railway company, which had contracted with the city to keep the street in repair and was also directly liable because its negligence caused the plaintiff's injuries.

In the instant case both the city of Louisville and the contractor, James Ferry & Sons, are liable to appellant for her injuries, if liable at all, because they were caused by the negligence of the contractor, independent of the contract in which appellee is surety, but the surety can not be held liable, until the liability of the principal or the city is adjudged.

Notwithstanding appellee's undertaking in the contract "to pay all damages for personal injuries to any one on account of any damages growing out of or upon any part of the work embraced in this contract, or any obstruction placed upon any street or sidewalk of said city, by any one while engaged in or about the performance of said work," that the obligation is clearly one whereby the surety simply agreed to indemnify the city against any breach of the contract by its principal, is shown by a subsequent clause of the contract, which binds the surety "to defend all suits and hold the party of the first part (the city) harmless against any and all loss or damage on account of either said personal injury or injuries to property."

Considering the contract in all of its parts, it is not its meaning that appellee shall be primarily liable to third persons for injuries sustained through the negligence of its principal, the contractor, James Ferry & Sons, in the performance of the work of constructing the sewer; but it is a contract made for the benefit of the city of Louisville, upon which no liability can be fastened upon the surety by third persons in a suit upon the contract, until liability shall first be fixed upon the city or contractor. The correct method of construing such a contract is thus stated in Mitchell v. Southern Ry. Co., 124 Ky., 146:

"In construing a contract, it should be the purpose of a court to ascertain, if possible, the intention of the

parties to it. To do so, it is sometimes not only important for the court to consider the language employed in the contract, but the circumstances surrounding the parties, and the object in view which induced the making of it. It is not proper, in considering a contract, for a court to seize upon some expression in it and allow that to control, in disregard of other provisions of it. The whole of the contract should be read."

Unless the appellant clearly possesses the right to join the appellee as a party defendant in this case, allowing it to do so would be very prejudicial to the latter, as the jury, knowing that it as indemnitor or surety would eventually have to pay whatever judgment might be rendered against the city or contractor, might be induced by that fact to award a greater amount of damages to the plaintiff than would or should in reason and fairness have been allowed against the city, if sued alone; moreover, if sued for a liability first fixed upon the city or contractor, the recovery against the surety would be limited to the amount recovered against the city or contractor.

The probability of injustice resulting to the indemnitor or surety in the state of case suggested is recognized in Duncan Coal Co. v. Thompson's Admr., 157 Ky., 304. The appellant, Duncan Coal Company, complained of the ruling of the trial court in permitting appellee's attorney to ask the jurymen whether any of them owned stock in the insurance company which carried the indemnity policy on appellant's mine. When the objection was made, coupled with a motion to discharge the jury, appellee's counsel stated in the presence of the jury that he had been informed that the coal company carried insurance in a company that would pay any loss that might result to the appellant on the trial of the case. The trial court overruled the objection of appellant's attorney on the ground that it came after the jury had qualified and the list had been passed on and accepted by both parties, for which reason it was made too late. In the opinion it is said:

"We have recognized the propriety of such a question where counsel for plaintiff has information that the defendant has indemnity insurance, and that some member of the jury is interested in the insurance company, and the question is asked in good faith. Dow Wire Works Co. v. Morgan, 96 S. W., 530; Owensboro Wagon

Co. v. Boling, 107 S. W., 264. This privilege, however, is not only liable to abuse, but is frequently abused. While the question is asked ostensibly for the purpose of determining the bias or interest of the juror, in a great majority of cases the sole purpose of such a question is to bring to the attention of the jurors the fact that any verdict they may render will impose no liability on the defendant, but will be paid by some one else. No argument is necessary to show how prejudicial it is to the defendant to call the attention of the jury to this fact. A doubtful case may turn on the point that the real defendant will not suffer by the verdict. Cases should be tried on their merits. If plaintiff have a meritorious case he should win. He should not win merely because some one other than the defendant will have to bear the loss. In view of the constant abuse of the privilege in question, we conclude that the question should never be asked unless asked in good faith, and the good faith of plaintiff's counsel will depend on whether or not he has reasonable grounds to believe that defendant carries indemnity insurance, and that one or more of the jurors are in some way interested in the insurance company. If the question be asked, and the trial court entertains any doubt as to the good faith of plaintiff's counsel in asking the question, the court should, if asked, discharge the panel at plaintiff's cost.''

It is our conclusion that appellee should not have been joined as a defendant in this action with the city and the contractor; that the action was premature as to it, therefore the ruling of the circuit court in sustaining appellee's demurrer thereto was not error.

Judgment affirmed. Whole court sitting.