## National Surety Company v. Daviess County Planing Mill Company, et al.

(Decided March 23, 1926.)

Appeal from Daviess Circuit Court.

1. Principal and Surety—Planing Company Held Entitled to Recover from Surety Company for Materials Furnished Contractor.—Planing mill company, which had contract directly with contractor for material and was not paid, held entitled to recover against surety company, who had furnished bond for contractor.

2. Interest—Subcontractor Held Entitled to Recover from Surety Interest on Sum Due Him from Due Date.—Planing mill company,

which was entitled to money from contractor, may recover from surety, such amount, with interest from date it became due.

3. Judgment—Petition in Suit Against Surety, Alleging Balance Due from Contractor, but Not Stating How Much of Total Sum had Been Paid, and How Much Extras Amounted to, or that Prices were Reasonable, Held Insufficient to Sustain Judgment for Balance Due.—In suit against surety petition setting out contractor's debt for materials according to contract and for extras, failing to allege how much of total sum was paid or unpaid, and how much extras amounted to, or that prices charged therefor were reasonable, or furnished under any agreement as to prices, held insufficient to sustain judgment for balance alleged to be due thereon.

SANDIDGE & SANDIDGE for appellant.

R. M. HOLLAND for appellee Daviess County Planing Mill Co.

FLOYD J. LASWELL for appellee Board of Education.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

In September, 1922, the board of education of the city of Owensboro let to I. D. Smith & Son the contract for the construction of a large school building. Smith & Son contracted with the Daviess County Planing Mill Company for the mill work to be used in the building at a total price of $15,850.00. The contractors executed with the National Surety Company, as their surety, a bond to the board of education in the sum of $105,500.00, by which they undertook that the contractors would faithfully perform the contract with the board of education. The bond contained this clause:

"Whereas, the principal has by means of a written agreement, dated August 25, entered into a contract with the owner for general work, Owensboro high school, a copy of which agreement is by reference made a part hereof;

"Now, therefore, the condition of this obligation is such that if the principal shall faithfully perform the contract on his part and satisfy all claims and demands, incurred for the same, and shall fully indemnify and save harmless the owner from all cost and damage, which he may suffer by reason of failure so to do, and shall fully reimburse and repay the owner all outlay and expense which the owner may

incur in making good such default, and shall pay all persons who have contracts directly with the principal for labor or materials, then this obligation shall be null and void; otherwise it shall remain in full force and effect.''

Smith & Sons did not pay the Daviess County Planing Mill Company and it brought this suit against the surety company on the bond. The circuit court gave judgment in favor of the plaintiff. The defendant appeals.

The chief ground for reversal is that the bond is an obligation to the board of education and that no suit can be maintained on it by the planing mill company. But it will be observed that the condition of the bond is that if the principal shall pay all persons who have contracts directly with the principal for labor or materials, then this obligation shall be null and void, otherwise it shall remain in full force and effect. It will thus be seen that the bond remains in full force and effect unless the principal shall pay all persons who have contracts directly with the principal for labor or materials. The planing mill company had a contract directly with the principal for material, and was not paid. In 13 C. J. 707-709, the rule is thus stated:

"The doctrine that a third person may maintain an action on a contract made for his benefit has been applied to an agreement by which one of the parties promises, on the receipt of property or other consideration, to pay a debt due from the other to a third person or . . . to a bond executed by a contractor for the erection of a building or for public work, to the owner or municipality, conditioned to pay for labor and materials.''

A number of cases are cited sustaining the text. In Federal Union Surety Co. v. Commonwealth of Kentucky, 139 Ky. 92, the court followed this rule. In so holding it only applied the rule announced in its former decisions, under which a property owner was held entitled to sue on a contract made between the water company and the city where he had suffered a loss by a breach of the contract, and a bastard child was allowed to recover on a contract made by the father with the mother by which the father agreed to provide for the child and other like cases. Kenton Water Co. v. Glenn, 141 Ky.

531; Morrison v. Peyton, 31 R. 994; Albin Co. v. Commonwealth of Ky., 128 Ky. 301; Tobin v. Frankfort Water Co., 158 Ky. 352; Louisville Gas Co. v. City of Louisville, 191 Ky. 796; and cases cited. Owens v. Georgia Life Insurance Co., 165 Ky. 507 rests upon the ground that the liability sued for was not within the terms of the bond.

It is also complained that the court erred in entering a judgment on the debt with interest from February 7, 1924, and not from the filing of the petition on May 24, 1924. But the subcontractor was entitled to his money from the contractor on February 7th. The bond bound the surety for the payment of the money. In such a case if interest is not allowed the creditor will lose a part of his debt. It is a suit upon a written contract to pay and interest may be allowed from the time the money was due and not paid. Henderson Cotton Mfg. Co. v. Lowell Machine Works, 86 Ky. 668; City of Louisville v. Henderson, 11 R. 796; Citizens Trust Co. v. Peebles, 174 Ky. 439; Whitehead v. Brothers Lodge, 34 R. 1633.

The allegations of the plaintiff's petition setting out its debt are in these words:

"Plaintiff states that on or about August 18, 1923, the representative of the defendant, National Surety Company, had taken charge of the work of completing said high school building and ordered plaintiff to deliver the necessary material for the completion of said building. Plaintiff states that it relied upon the statements and representations of the defendant, National Surety Company, and that it did deliver said material and that on and after August 20, 1923, it delivered to the defendants, I. D. Smith & Son and National Surety Company, materials and merchandise, as shown on the itemized statement attached hereto, of the aggregate value of $5,159.20, for which the defendants, I. D. Smith & Son and National Surety Company, promised to pay.

"Plaintiff states that in addition to the contract price for mill work, that there were numerous extras included in the material ordered by said defendants, I. D. Smith & Son and National Surety Company, for the completion of said building and said extras are set out in the itemized statement attached hereto, and it states that on February 7, 1924, the said de-

fendants, I. D. Smith & Son and National Surety Company, were indebted to plaintiff in the sum of $3,242.51, that being the balance due on their contract price and extras, and that no part of said sum has ever been paid and plaintiff is entitled to recover interest thereon, from February 7, 1924, until paid.''

It will be observed that it is averred that on and after August 20, 1923, the plaintiff delivered to the defendants, I. D. Smith & Son and National Surety Company, materials and merchandise, as shown on the itemized statement attached to the petition, of the aggregate value of $5,159.20, for which the defendants promised to pay. But it is not averred how much of this sum has been paid or how much is unpaid. It will also be observed that it is averred that in addition to the contract price for the mill work, there were numerous extras included in the materials ordered by the defendants for the completion of the building and it is averred that on February 17, 1924, the defendants were indebted to the plaintiffs in the sum of $3,242.51, that being the balance due on their contract price and extras, and no part of this sum has been paid. But there is no averment how much the extras amounted to or that the prices charged therefor were reasonable or that the extras were furnished under any agreement as to price. For all that appears in the petition it may be that the entire balance claimed is for extras and the petition not showing that the defendants agreed to pay for extras at the prices charged in the statement, or that the prices charged are reasonable, and that they agreed to pay the reasonable prices therefor, the petition is not sufficient to sustain a judgment for the balance alleged to be due.

It is not expressly averred in the petition that the materials plaintiff furnished after August 20, 1923, amounting to $5,159.20 were furnished under the contract and at the contract price but this is what seems to be meant. On the return of the case to the circuit court the plaintiff will be permitted to amend his petition.

Judgment reversed and cause remanded for further proceedings consistent herewith.