# Dayton Lumber & Manufacturing Company v. New Capital Hotel, Incorporated, et al.

(Decided November 22, 1927.)

## Appeal from Franklin Circuit Court.

1. Mechanics' Liens.—Where contractor's bond contained provision that it was issued subject to plans and specifications referred to and made a part thereof, plans and specifications and provisions in bond must be considered together in determining liability of obligee and surety under bond for claims of materialmen.

2. Mechanics' Liens.—Under bond by construction company made to hotel company, indemnifying hotel company for loss from breach of contract, and issued subject to specifications requiring bond to guarantee payment of claims for labor and material, bond was for benefit of hotel company, not materialmen, but obligating surety to indemnify hotel company against loss by being compelled to pay materialmen's claims on contractor's failure to do so, and, where hotel company was not forced to pay such claims by reason of materialmen's failure to file lien, surety on bond could not be compelled to pay claim.

3. **Mechanics' Liens.**—In suit by materialmen against hotel company and surety on contractor's bond, made subject to specifications requiring bond to guarantee payment of claims for materials, which was executed for benefit of hotel company, company was not liable for claims of materialmen failing to file lien on ground that, in sending out plans and specifications, materialmen were advised that bond would be required for their benefit.

LESLIE W. MORRIS for appellant.

O'REAR, FOWLER & WALLACE for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

Plans and specifications for the construction of the New Capital Hotel in Frankfort, Ky., were prepared and sent to contractors with the request that bids be submitted for the construction of the hotel building. The plans and specifications contained a provision among the general conditions as follows:

> "The successful bidder will be required to attach to the contract document a surety company bond in the sum of 50 per cent. of the contract price, which bond is to guarantee the faithful performance of all of the conditions of the contract and to guarantee the payment of all claims for labor and material used in the erection of the contract."

Bids were submitted and the contract was awarded to John Parks & Co., of Chattanooga, Tenn., and a contract was entered into between the hotel company and the construction company. The hotel company required of the construction company a surety bond guaranteeing the faithful performance of the contract by the construction company. This bond was executed by the construction company as principal with the United States Fidelity & Guaranty Company of Maryland as surety. This bond recites that the surety is held and firmly bound unto the New Capital Hotel, Incorporated, in the full and just sum of the contract price, to the payment of which sum, well and truly to be made, the principal binds itself and the surety binds itself. There is a further provision in the bond that the principal has entered into a certain written contract with the hotel company to provide all materials and to perform all the work shown on the drawing and described in the specifications entitled "Hotel Building," prepared by certain architects, and that the surety guaranteed that the principal would well

and truly indemnify and save harmless the hotel company from any pecuniary loss resulting from the breach of any of the terms, covenants, and conditions of the contract on the part of the principal to be performed, and that, if the principal should well and truly perform the covenants and conditions of the contract, the bond should be void. There is this proviso in the bond:

"Provided, however, that this bond is issued subject to the plans and specifications herein referred to and made a part hereof."

During the course of the construction of the hotel the appellant herein sold to John Parks & Co., the contractors, materials amounting to $2,208.25 for which it did not receive payment. Appellant filed no mechanic's lien on the property of the hotel company, and gives as a reason for its failure to do so that it was acquainted with the plans and specifications under which the building was to be constructed, and that it relied on that provision in the plans and specifications that a bond would be required for the protection of those furnishing materials. After the construction company had failed to pay its bill, the appellant demanded payment of the hotel company, and the surety on the bond of Parks & Co., but neither the hotel company nor the surety paid the amount due; consequently this suit was instituted against the hotel company and the surety to recover the amount claimed. The appellant contends that it has the right to maintain this action on the bond by reason of the above-quoted provision in the plans and specifications and the provision in the bond itself. There is a further contention on the part of appellee that it may maintain this action against the Capital Hotel, Incorporated, because, in sending out the plans and specifications, it gave notice to every one concerned that a bond would be required for the benefit of those furnishing material for the construction of the hotel, and, if it should be held by this court that the bond was not for the benefit of the materialmen, nevertheless the hotel company should be held responsible because of its failure to require such a bond.

It is claimed in the elaborate and able brief filed for appellant that the bond executed was for the benefit of persons who might furnish materials as well as for the benefit of the obligee; that is, the hotel company. If this contention is true, appellant was well within its rights

in seeking to recover its unpaid claim from the surety on the bond. It is true that it has been held by this court that a person for whose benefit a contract is made may maintain an action for a breach of it. Therefore if the bond or contract of indemnity was executed for the benefit of appellant, there is no question that it may pursue its remedy in the manner which it is now seeking to recover the amount of its claim. The case of Federal Union Surety Co. v. Commonwealth of Kentucky, 139 Ky. 105, 129 S. W. 335, is authority directly in point if the bond was for the benefit of appellant and others similarly situated. In that case there was a provision in the contract itself that the bond should be for the benefit of the laborers and materialmen. That case has been followed in a number of cases written since.

It is urged with much plausibility by counsel for appellant that the bond in the instant case was executed for the benefit of appellant, and in support of that contention counsel for appellant point out that the plans and specifications contained a provision that the hotel company would require a bond for the benefit of the materialmen, and that the bond itself contains a provision that it is "issued" subject to the plans and specifications referred to and made a part thereof. It is insisted that the provision in the plans and specifications and the provision in the bond must be considered together, and we believe they are correct in that contention.

If that is correct, it becomes necessary to examine with care the provision in the plans and specifications which is quoted above. Counsel for appellant say that the contract should be construed as if it read as follows:

"Now, therefore, the conditions of the foregoing obligation, is such that, if the said principal shall well and truly indemnify and save harmless said obligee from any pecuniary loss resulting from the breach of any of the terms, covenants, and conditions of the said contract on the part of the said principal to be performed, then this obligation shall be void; otherwise to remain in full force and effect in law: Provided, however, that this bond is to guarantee the faithful performance of all the conditions of the contract, and to guarantee the payment of all claims for labor and material used in the execution of this contract."

If we concede that counsel for appellant are right in their statement that the result of this litigation must be determined from a consideration of a provision in the contract such as is quoted above, and the court finds that the provision does not justify their contention, the matter will be at an end without giving further consideration to any other point. The bond was executed by the contracting company to the hotel company, and was for the benefit and protection of the hotel company. The surety agreed in the contract that the contracting company should well and truly indemnify and save harmless from any pecuniary loss the hotel company, and, if the hotel company should suffer any loss by reason of any failure on the part of the contracting company, the surety on the bond would make good such loss. Keeping this in mind, we will now examine the proviso in the bond, modified as counsel for appellant contend it should be modified. The proviso is explicit in the statement that the bond is to guarantee the faithful performance of all of the conditions of the contract, and to guarantee the payment of all claims for labor and materials used in the execution of the contract. The surety company, as the court understands the provision of the bond, did not execute the bond for the benefit of materialmen but for the benefit of the hotel company, and the provision in the bond is that, if the contracting company shall fail to pay the materialmen and the hotel company shall be compelled to pay their claims, then the surety company will make good the loss by reason of the failure of the principal in the bond to pay the claims, and because the obligee in the bond was forced to pay the claims on account of the failure of the principal in the bond to do so.

The hotel company was not forced to pay this claim, and, if the hotel company, the obligee, was not compelled to pay the claim because of the failure of the principal in the bond to pay it, the surety cannot be compelled to pay the claim to appellant. The bond was for the benefit of the obligee and not for the benefit of the materialmen. This determines the other branch of the case wherein appellant contends that the hotel company, in sending out its plans and specifications, advised materialmen that a bond would be required for their benefit. We have reached the conclusion that the provision in the plans and specifications did not mean that a bond would be required for the benefit of materialmen, but that a bond would be required which would protect the hotel com-

pany from claims made against it by materialmen by reason of the contractor's failing to pay such claims, and that the bond would indemnify the hotel company against loss by reason of any such claims in the event it should be forced to pay them.

The court has given to the consideration of this case rather an unusual amount of attention, and has reached the conclusions herein expressed. It follows, therefore, that the lower court was correct in sustaining a demurrer to the petition in so far as it sought to recover against the New Capital Hotel, incorporated, and the United States Fidelity & Guaranty Company.

Judgment is affirmed.

Whole court sitting.