## Standard Accident Insurance Company v. Commonwealth, for Use of Leonard & Smith.

(Decided January 30, 1931.)

EATON & BOYD for appellant.

WHEELER & HUGHES for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Reversing.

On March 22, 1926, Eli and Marye entered into a contract with the state highway commission for improving a section of the Mayfield-Paducah road in Graves county, about fourteen miles long, and gave bond with the Standard Accident Insurance Company as its surety. The condition of the bond is in these words:

"The condition of this obligation is such that if the said principal, Eli & Marye, of Dawson Springs, Kentucky, shall well and truly keep and perform all of the conditions of a certain contract made and entered into on the 22nd day of March, 1926, by and

between the Commonwealth of Kentucky, by and through its State Highway Commission, and the said Eli & Marye, principal, for improving a certain section of Mayfield-Paducah road beginning at North Corporate Limits of Mayfield, Station 0/00 and extending thence Northwardly to McCracken County line, Station 729/46 a distance of 13.815 miles, being officially known as State Project No. 9, Section A, Federal Aid Project No. 144, Section A, in Graves County, on their part to be kept and performed and shall indemnify the said Commonwealth of Kentucky as therein stipulated, then this obligation shall have no effect, otherwise it shall remain in full force and virtue.''

The contract referred to in the bond contains these provisions:

''That the party of the second part, for and in consideration of the payment or payments hereinafter specified, hereby agrees under penalty expressed in the bond hereunto attached to furnish and deliver all materials and do and perform all the work and labor required in the improvement of a certain section of Mayfield-Paducah road (Here follows full description of road), at the estimated cost of Ninety thousand one hundred eighty-seven and 26/100 Dollars ($90,187.26) and to improve said road in strict conformity with the specifications hereto attached and with the plans therefor, prepared by the Department of State Roads and Highways, which plan verified by the Department, and said specifications, are also agreed as being a part thereof.''

Leonard & Smith did work on the road as subcontractors under Eli & Marye. Alleging that they had not been paid for work and materials that they had furnished, they brought this suit against the Standard Accident Insurance Company to recover the amount which they alleged Eli and Marye owed them, $1,291.19. The state having paid Eli and Marye the full contract price for the road. The case presents a simple question of law. The Circuit Court gave judgment for the plaintiff against the Standard Accident Insurance Company. It appeals.

Precisely the question involved here was decided by this court in Standard Oil Co. v. National Surety Co.,

234 Ky. 764, 29 S W. (2d) 29, 31, where, the court holding the obligor in a like bond not liable to the plaintiff for the price of labor or materials furnished by him to the contractor and not paid for, the court said:

"We are unable to find in the language of the contract and bond exhibited in this case any language designed for the protection of the laborers or materialmen. The contract simply obligated the contractor to furnish all materials and to perform all work required for the construction of the improvement. The bond of the surety company obligated the contractor well and truly to keep and perform all the terms and conditions of his contract, and to indemnify the commonwealth against any loss by failure of the contractor to construct the bridge. The provision to the effect that the amount paid by the commonwealth to the contractor included payment for equipment, forms, tools, labor, material, and incidental work necessary to make a complete structure merely described what was included in the contract price. It evinces no intention to compel payment therefor to those from whom the contractor obtained them. If the contractor obtained material on credit and constructed the bridge, no breach of contract could be claimed, even though he failed to pay his creditor for the materials. Such a construction of the contract is made necessary by its terms, and there is no provision in it indicating otherwise."

The court adheres to the rule there laid down.

Judgment reversed, and cause remanded for further proceedings consistent herewith.