**ILL–MO CONTRACTORS, INC., a Corporation, Appellant,**

v.

**AALCAN DEMOLITION AND CONTRACTING COMPANY, Inc., a Corporation, and General Insurance Company of America, a Corporation, Respondent.**

No. 53268.

Supreme Court of Missouri, Division No. 1.

July 8, 1968.

Motion for Rehearing or for Transfer to Court En Banc Denied Sept. 9, 1968.

John A. Joyce, St. Louis, for plaintiff appellant.

John J. Morris, and Morris, Wuestling & James, St. Louis, for respondent, General Ins. Co. of America.

HENLEY, Presiding Judge.

Action against defendant, Aalcan Demolition and Contracting Company, Inc., (Aalcan) for $19,605.30, as unpaid rental and other charges for equipment leased by plaintiff to Aalcan, and against defendant, General Insurance Company of America (General Insurance), as surety, on the theory that the latter is liable to plaintiff on a performance and indemnity bond given by Aalcan, as principal, to Urban Renewal and Community Development Agency of Louisville, Kentucky, (Urban Renewal Agency or Agency), as obligee. Plaintiff recovered judgment against Aalcan by default for the full amount sued for and interest. Aalcan has not appealed and that judgment is final. The court sustained General Insurance's motion to dismiss plaintiff's first amended petition and the cause was dismissed as to General Insurance. Plaintiff appeals from that order and judgment. We reverse and remand.

The main issue presented on appeal is: does a materialman have a right of action against a surety on a contractor's perform-

ance and indemnity bond given to a public body as the named obligee in connection with a public improvement where the bond is conditioned to perform a contract containing provisions requiring the contractor to pay for all materials, and where the materialman has a statutory lien on funds due the contractor from the public body?

The material facts alleged in the petition are as follows. The Urban Renewal Agency is an agency of the City of Louisville, and a political subdivision of the State of Kentucky. Property owned by it is not subject to liens for materials furnished for improvements.[1] In 1963 and 1964, the Agency entered into contracts with Aalcan whereby the latter agreed to demolish certain buildings and clear the site on property owned by Agency in Louisville in an area known and designated as "West Downtown Urban Renewal Project Kentucky R–10." The contracts provided that Aalcan would furnish and pay for all labor, materials, machinery and equipment used in performing the contracts. The contracts were made a part of the bonds by specific reference thereto in each bond. The conditions of each bond are the same and are as follows.

"* * * that if the Principal shall faithfully perform the contract free and clear of all liens arising out of claims for labor and materials entering into the construction, and indemnify and save harmless the Owner from all loss or damage which Owner may suffer by reason of the failure so to do, then this obligation shall be void, otherwise to remain in full force and effect."

Plaintiff furnished certain heavy equipment to Aalcan for its use in completing the contracts for which Aalcan agreed to pay as rental the amount sued for. Demand for payment was made on both Aalcan and General Insurance. Payment was refused.

The petition further alleges that the bonds were executed by Aalcan and General Insurance and accepted by Urban Renewal Agency with the intent that they would be for the benefit and protection of unnamed third persons (such as plaintiff) furnishing materials and equipment used in completion of the contracts.

General Insurance's motion to dismiss was on the ground, among others, that an action cannot be maintained on the bond by this plaintiff, because the obligation of the bond was to Urban Renewal Agency solely; that it afforded no right of action to third parties.

There are two distinct lines of decision in cases of this character in Kentucky. One line is: if the bond, when read in connection with the contract, contains a provision obligating the contractor to pay for material, it constitutes a provision for the benefit of materialmen, upon which they are entitled to maintain an action directly against the surety. Federal Union Surety Co. v. Commonwealth, 139 Ky. 92, 129 S.W. 335; Fidelity & Deposit Co. of Maryland v. Charles Hegewald Co., 144 Ky. 790, 139 S.W. 975; Citizens Trust & Guaranty Co. v. Peebles Paving Brick Co., 174 Ky. 439, 192 S.W. 508; National Surety Co. v. Daviess County Planing Mill Co., 213 Ky. 670, 281 S.W. 791; Mid-Continent Petroleum Corp. v. Southern Surety Co., 225 Ky. 501, 9 S.W.2d 229; Royal Indem. Co. v. International Time Recording Co., 255 Ky. 823, 75 S.W.2d 527; Blair & Franse Construction Co. v. Allen, 251 Ky. 366, 65 S.W.2d 78; Buffalo Forge Co. v. Fidelity & Casualty Co., 142 Misc. 647, 256 N.Y.S. 329 (applying law of Kentucky). The other line is: if the bond, when read in connection with the contract, is one solely to secure performance of the contract, and contains no language from which an express obligation to pay third parties for materials may be derived, an action thereon by materialmen may not be maintained. Dayton Lumber & Mfg. Co. v. New Capital Hotel, 222 Ky. 29, 299 S.W. 1063; Kentucky Rock Asphalt Co. v. Fidel-

---

1. Section 376.205, Kentucky Revised Statutes. However, where property is owned by a subdivision of the state materialmen have a lien "* * * on the funds due the contractor from the owner of the property improved."

ity & Casualty Co. (6 C.C.A.) 37 F.2d 279, 77 A.L.R. 4; Owens v. Georgia Life Ins. Co., 165 Ky. 507, 177 S.W. 294; Standard Oil Co. v. National Surety Co., 234 Ky. 764, 29 S.W.2d 29; Standard Acc. Ins. Co. v. Commonwealth, etc., 237 Ky. 170, 35 S.W.2d 22. See also Massachusetts Bonding & Ins. Co. v. United States Radiator Corp., et al., 265 Ky. 661, 97 S.W.2d 586, where the bond contained a specific provision against liability to third parties.

■ The Court of Appeals of Kentucky, in Standard Oil Co. v. National Surety Co., supra, l. c. 31, has rejected as artificial the distinction sometimes made between the liability of a surety to third parties on bonds given for the performance of contracts involving improvements on public property and those given involving private property. Consequently, we need not consider that part of the issue presented pertaining to the effect of the fact that plaintiff may have a lien on such funds, if any, due Aalcan from Urban Renewal Agency. In connection with this holding, that court said the true basis for determining the liability of a surety must be deduced from the terms of the instrument involved, construed liberally to effectuate the purpose for which given.

In the Royal Indemnity Co. case, supra, 75 S.W.2d 527, 528, the contract between the contractor and The Board of Education of Louisville required the contractor to pay for all materials used in completing work. The contract was made a constituent part of the bond by specific reference in the bond. The condition of the bond was that the contractor should " * * * well and truly keep and perform all and each of the terms, conditions and agreements of said contract * * *." The court held that " * * * the contract and the bond * * * must be read together in order to ascertain the intention of the parties * * * "; therefore, so read, the bond was " * * * of that class of obligation which inures to the benefit of third parties * * *." The court referred to Mid-Continent Petroleum Corporation v. Southern Surety Co., supra; Blair & Franse Construction Co. v. Allen,

supra; and other Kentucky cases as supporting its decision.

■ We hold that the court erred in dismissing plaintiff's action against defendant General Insurance. It is clear that this case falls within that line of cases first cited above. Plaintiff alleges in its petition that the contract provided that Aalcan would pay for all materials used in performing the contract. The bond specifically makes the contract a constituent part of it. The bond thus guaranteed that Aalcan would pay for all material it used in the work. This bond was of that class of obligation which inures to the benefit of materialmen, and is not confined to the named obligee Urban Renewal Agency.

For decisions of the courts of this state which support our decision in this case see: La Crosse Lumber Co. v. Schwartz, 163 Mo. App. 659, 147 S.W. 501; North St. Louis Planing Mill Co. v. Christophel, 157 Mo. App. 18, 137 S.W. 295; Fogarty, et al. v. Davis, et al., 305 Mo. 288, 264 S.W. 879, 880–881[2, 3]. Also see: La Salle Iron Works, Inc. v. Largen, Mo., 410 S.W.2d 87, 92, where the terms of the bond clearly evidenced an intent to confer a right of action upon a materialman against a surety. For cases cited by defendant General Insurance which appear to be in conflict with our decision in this case see: Builders' Material and Supply Co. v. J. B. Evans Const. Co., 204 Mo.App. 76, 221 S.W. 142; Eau Claire-St. Louis Lumber Co. v. Banks, 136 Mo. App. 44, 117 S.W. 611; City of St. Joseph ex rel. Consolidated Stone Co. v. Pfeiffer Stone Co., 224 Mo.App. 895, 26 S.W.2d 1018. We should not and do not follow the latter decisions of the Courts of Appeals; to the extent that they are in conflict with the La Crosse and other cases first cited in this paragraph they should no longer be followed. The court, en banc, in La Salle Iron Works, Inc. v. Largen, supra, (l. c. 92) referred to City of St. Joseph ex rel. Consolidated Stone Co. v. Pfeiffer Stone Co., supra, as not of sufficient applicability to merit discussion, obviously distinguishing the two on facts other than the conditions

of the bonds. We note that the conditions of the bonds in both cases are essentially the same.

General Insurance's motion to dismiss stated two other grounds for dismissal of plaintiff's first amended petition: (1) that the court was without jurisdiction to enter an order on June 23, 1966, granting plaintiff leave to file its first amended petition, because the court's order of March 18, 1966, dismissing plaintiff's initial petition was a final adjudication; and, (2) that plaintiff's first amended petition violates Civil Rules 55.31, 55.33 and 55.34, V.A.M.R., because it (a) "* * * fails to plead the terms of the contractual agreements according to their legal effect * * *"; (b) "* * * fails to recite the terms and conditions thereof * * *"; and (c) "* * * fails to attach a copy of the contractual agreements as exhibits * * *." The court's order dismissing the first amended petition does not state its reasons for sustaining the motion. General Insurance does not attempt to support the court's action on these grounds; its brief ignores them. Plaintiff does brief the questions thus presented.

■ We have considered these grounds of the motion; they are without merit. The original petition was dismissed March 18, 1966, without granting plaintiff leave to amend. On March 29, 1966, plaintiff filed a motion to set aside that order on the grounds, among others, that (1) the court should have granted plaintiff leave to amend as required by Civil Rule 67.05, and (2) dismissal of plaintiff's action was "* * * too harsh under the law and the circumstances." The court sustained plaintiff's motion to set aside on the above grounds on June 23, 1966, and granted leave to file an amended petition within five days. On the same day, June 23, plaintiff filed its first amended petition. The order of March 18, dismissing plaintiff's original petition was not a final adjudication, because plaintiff's motion filed March 29 to set aside the order of dismissal postponed its finality until the motion was ruled, on June 23. Civil Rules 78.02 and 78.04, V.A.M.R.; Sea-

baugh's Dependents v. Garver Lumber Mfg. Co., 355 Mo. 1153, 200 S.W.2d 55, 63–64 [8, 10]. The court's action in granting leave to amend was in the proper exercise of its discretion. Civil Rule 67.05, V.A.M.R. The amended petition pleaded the essential portions of the contracts and bonds according to their legal effect. Civil Rule 55.24, V.A.M.R.

The judgment is reversed and the cause remanded with directions to reinstate plaintiff's first amended petition.

All concur.