# Heyburn Building Co. v. Highland Motor Transfer Company.

(Decided October 25, 1932.)

PETER, LEE, TABB, KRIEGER & HEYBURN for appellant.

ROBERT L. PAGE for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

This action was originally instituted by the Highland Motor Transfer Company against the Heyburn Building Company and the Struck Construction Company, but later was dismissed as to the latter, and an amended and substituted petition was filed as to the former. A demurrer to the petition was sustained, and, plaintiff declining to further plead, it was dismissed. An appeal from the judgment followed. While the only question involved in that appeal was the sufficiency of the petition, the court, in an opinion reversing the judgment and holding that the petition stated a cause of action, disposed of a number of contentions made by appellee, who is the appellant in this instance. See Highland Motor Transfer Company v. Heyburn Building Co., 237 Ky. 337, 35 S. W. (2d) 521.

The allegations of the petition are set forth and treated with such detail in the former opinion as to obviate the necessity of further statement of alleged facts relied on for recovery. On return of the case to the lower court, an amended petition was filed wherein it was alleged that the reasonable additional cost of excavating the swimming pool, for which recovery is sought, was $1,290, instead of the sum alleged and prayed for in the amended and substituted petition.

The answer, in addition to traversing the allegations of the petition as amended, sets up by separate paragraphs certain affirmative defenses, which with

516

proof offered in support thereof form the basis for some of the grounds relied on for reversal. We shall not now go into detail as to the affirmative defenses, since, in so far as pertinent, they will presently be treated in a discussion of such grounds.

Trial before a jury resulted in a verdict and judgment for plaintiff for the full amount prayed for in the petition as finally amended, and from that judgment this appeal is prosecuted.

Our statement of the evidence shall be made in connection with a discussion of the questions presented for decision and in its relation to these several questions. It is first argued that appellant's motion for a peremptory instruction should have been sustained because appellee did not meet the burden of showing that it did not know or by the exercise of ordinary care could not have known of the existence of the underground swimming pool before entering into the contract to do the excavating, and that appellant did know of its existence and intentionally suppressed the information from appellee.

By pleading and proof, it is shown that for some years prior to 1914, the Y. M. C. A. used an old residence on the lot now owned by appellant and in this building was the swimming pool in question. In 1913 or 1914, appellant purchased the lot and caused the building to be razed and the lot to be filled in with debris and earth, but left the swimming pool intact about six or eight feet under the surface. Prior to the time the contract was let for the erection of the Heyburn Building, the property was used as a parking lot.

The evidence shows that, before appellee submitted its bid or entered into the contract with the general contractor to do the excavation work, Mr. Gutermuth, president of the Highland Motor & Transfer Company, and Mr. King, who made estimates for the company, visited and inspected the lot twice. They testified that they saw brick and stone scattered on the surface and this indicated to them that they would encounter the old foundation walls. They made no soundings and no inquiry as to artificial underground obstructions except as to sewer and gas pipes, conduits, telephone and telegraph lines. Mr. Gutermuth stated that he was in the old Y. M. C. A. building one time about twenty-seven years prior to the date on which he testified. While there with a friend for a few minutes, he casually ob-

served a swimming pool. He also stated that in entering the building from the sidewalk it was necessary to ascend several steps.

Mr. King also testified that he knew there was a swimming pool in the Y. M. C. A. property, but did not know where it was located. They both testified that, if they had known the swimming pool was under the surface, they would have increased the bid to cover additional cost of removing it. There is evidence that the nature of the soil in this vicinity was known to local contractors, and that it was of such a nature that it could be excavated with a steam shovel. There is also evidence that the inspection of the premises made by appellee was such as is usually made by prospective bidders in similar circumstances. Appellee was furnished specifications for the building prepared by a firm of eminent architects. The specifications made no reference to any underground obstacles, but did provide for additional compensation in the event extra work was required in filling quicksand pockets or other soft spots. The specifications also provided, in substance, that bidders should inspect the premises in order to determine the existing conditions and the nature and scope of the work before submitting proposals, and that contractors should do all the excavating necessary as shown by drawing, and remove from the premises all surplus excavated materials and debris.

There is also some evidence that it has been a custom in Louisville for years in razing buildings on lots not to be immediately improved to only remove materials to the surrounding surface and to fill basements and depressions with the debris. Mr. Gutermuth testified that he knew this was often done, but he also knew of instances where all materials above and below the surface were removed.

In the light of the foregoing and other proven facts and circumstances, there is no escape from the conclusion that the trial court could not as a matter of law determine that appellee knew or by the exercise of ordinary care could have known of the existence of this swimming pool. While it is the province of the court to determine whether there is any evidence supporting an issue made by pleading, where, as in this instance, there is substantial evidence supporting the cause of action alleged, the case should be submitted to the jury.

It is manifest that appellant's contention that there is an absence of any showing that it had knowledge of the existence of the swimming pool is without merit. It is shown by pleading and proof that it had the old building razed, and that the swimming pool was covered with debris. It does not deny knowledge of this fact, but, on the other hand, alleges in answer that it was a matter of common knowledge in the city of Louisville. Counsel for appellant further contend that it was entitled to a directed verdict on its plea of estoppel. The plea of estoppel is based on alleged delay of appellee to assert and prosecute its claim; it being alleged that the claim for extra compensation for removing the pool was disallowed on September 16, 1927, by architects employed by appellant to whom it was submitted under provisions of the general contract, and that appellee apparently acquiesced in that ruling and made no further claim, nor gave any notice that such claim would be further prosecuted until after they had paid the general contractor the full balance due on the contract and had released the surety on the contractor's bond.

Mere delay in asserting a right does not authorize a plea of laches. Maryland Casualty Co. v. Dickerson, 213 Ky. 305, 280 S. W. 1106. "Laches is negligence by which another has been led into changing his condition with respect to the property or right in question, so that it would be inequitable to allow the negligent party to be preferred upon his legal right to the one whom his negligence has misled." Hughes et al. v. Wallace (Ky.) 118 S. W. 324, 326.

Appellant's plea cannot be sustained in the absence of a showing that by reason of the alleged delay it lost some advantage it would have had if the claim had been more seasonably asserted. 10 R. C. L. 400. If appellee had a cause of action because of the additional cost of removing the swimming pool, the general contractor would have had the same cause of action if it had done the excavating rather than let it to a subcontractor, and any recovery would have been in addition to the amount due under the contract.

It is further argued by appellant that, if the proof as to the custom of razing buildings only to the ground level and not removing underground parts unless the lot was to be immediately improved, did not authorize a directed verdict, then the court erred in not giving

instruction No. 4 offered in its behalf. That instruction authorized a finding for appellant if the jury believed from the evidence that such was the custom in Louisville.

No doubt this evidence was permitted to be heard and considered by the jury as bearing on the degree of care exercised by appellee in inspecting the lot in order to determine the nature and character of the work to be done. It certainly was not sufficient to put a contractor on notice that he would encounter such an unusual and extraordinary artificial obstacle as was found under the surface in this instance.

Criticism is made of instruction No. 1 given by the court, but, if the instruction is defective in the particular pointed out by counsel, such defect is cured by instruction No. 2, since it authorized a finding for appellant if appellee knew, or by the exercise of ordinary care could have known, of the existence of the obstacle complained of.

Finally it is argued that the damage awarded is excessive. There is proof that there were 128.65 cubic yards of concrete in the swimming pool. Experienced contractors and engineers testified as to the cost of excavating such material, and their evidence indicates a minimum of $10 per cubic yard, so it is at once apparent that the verdict cannot be set aside as excessive.

Finding no error in the record authorizing a reversal, the judgment is affirmed.