## Blair & Franse Construction Co. et al. v. Allen.

(Decided Nov. 17, 1933.)

STRATTON & STEPHENSON for appellants.

BROWNING & DAVIS for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

On May 14, 1928, the appellant Blair & Franse Construction Company, then known as the Hart & Blair Construction Company, a corporation, hereinafter referred to as the construction company, entered into a contract with the state highway commission for the construction of state project No. 34c in Martin county, Ky. That contract in part provided that the construction company agreed "under the penalty expressed in the bond herein provided for, a copy of which is hereto attached, to furnish and deliver all materials and do and perform all the work or labor required and to pay in full all legal and just claims for labor, materials and supplies furnished in connection herewith," in the construction of the road mentioned. On the same day, the construction company executed the bond called for by the contract with the appellant Fidelity & Deposit Company of Maryland as its surety. The bond recited that its condition was such that, if the construction company should "well and truly keep and perform all of the terms and conditions" of the contract herein referred to on the part of the construction company "to be kept and performed and shall indemnify the said Commonwealth of Kentucky as therein stipulated," then the obligation was to have no effect; otherwise it should remain "in full force and virtue."

Thereafter the construction company sublet to the appellant H. F. Sammons, doing business as H. F. Sammons & Co., a portion of this construction contract, and Sammons in turn executed a bond for the performance of his contract, with the appellant National Surety Company as his surety thereon. H. F. Sammons & Co. in turn subcontracted a portion of the work it was to do to S. L. Porter Company, of whom no bond was re-

quired, and the S. L. Porter Company in its turn entered into a contract with the appellee, Elza Allen, to do all the stone work on the different culverts and drains of its part of the contract and to do certain excavating work for the same. In addition to the work covered by this contract, Allen performed certain other work on the job at the special instance and request of the Porter Company. Allen began his work in July, 1928, and, as the work progressed, he received monthly settlements from the S. L. Porter Company, less 10 per cent. retained until final completion of the job up to and including settlements for the month of December, 1928. The S. L. Porter Company got into financial difficulties after the first of the year, and an arrangement was worked out between H. F. Sammons and the construction company to finance the completion of the S. L. Porter Company contract, and the work was actually completed either in the name of the S. L. Porter Company or of H. F. Sammons & Co. Allen proceeded to complete his part of the contract, but he received no compensation after the settlement for the month of December, 1928. Finally Allen brought this suit against the construction company and its surety to recover the sum of $2,747. 04, which sum was later reduced by an amended petition to $2,715.43, with interest from the 1st day of July, 1929, when the work was completed; this sum being the balance due him for labor, material and supplies furnished under his contract. After the general and special demurrers of the construction company and its surety had been overruled, they filed their answer and cross petition against Sammons and his surety. The answer traversed the allegations of the petition. The cross-petition sought judgment against Sammons and his surety for any amount which the construction company and its surety might have to pay in this action. By an amended answer, the construction company and its surety set up as against Allen a defense of estoppel. The cause was transferred to equity and submitted to the master commissioner for hearing and report. After proof had been taken, he reported that Allen was entitled to a judgment against the construction company and its surety in the sum of $2,715.-43, with interest from July 1, 1929, until paid, and that said construction company and its surety were entitled on the payment to Allen of said sum to collect the same from Sammons and his surety. Exceptions filed by all

of the defendants and cross-defendants to the report of the commissioner having been overruled, a judgment was entered in favor of Allen against the construction company and its surety for the sum awarded him by the master commissioner, and the construction company and its surety were awarded a like judgment against Sammons and his surety to be collected only when the construction company and its surety had paid Allen the amount awarded him. From the judgment the construction company, its surety, Sammons and his surety, have appealed as against Allen.

We may at once dispose of the appeal of Sammons and his surety. The judgment against them runs in favor of the construction company and its surety. They have taken no appeal as against the construction company and its surety but only as against Allen, who has no judgment against either Sammons or his surety. It is obvious that, there being no judgment in favor of Allen against either Sammons or his surety, their appeal as to Allen must be, and it is hereby, dismissed.

Addressing ourselves now to the appeal of the construction company and its surety, we find that the first contention urged against the judgment is that Allen has no cause of action against either of them. Allen grounded this suit against the construction company and its surety on that portion of the contract between the construction company and the state highway commission which we have quoted above, and by which the construction company agreed with the state highway commission "to pay in full all legal and just claims for labor, materials and supplies furnished" in connection with the building of the road and on the terms of the bond executed by the surety company guaranteeing the faithful performance of this contract by the construction company. It is argued that the contract of the construction company and the bond of its surety ran only to the commonwealth; that they were only for the benefit of the commonwealth, and were in truth a contract and bond of indemnity and not a contract or bond for the benefit of third parties and upon which third parties could sue. This contention of the appellants cannot be sustained. Ætna Casualty & Surety Co. v. United States Gypsum Co., 239 Ky. 247, 39 S. W. (2d) 234. In the case of J. T. Jackson Lumber Co. v. Union Transfer & Storage Co., 246 Ky. 653, 55 S. W.

(2d) 670, may be found a discussion of the question herein involved. In that case all the authorities bearing on this proposition are brought together and, under a contract and bond quite similar to the one involved in the instant case, it was held that a subcontractor of a subcontractor of the general contractor could sue the general contractor and his bondsman for the labor performed and services rendered by the plaintiff in that suit in the prosecution of the work covered by the general contract. We have gone over this question so many times in the opinions cited in the case above mentioned that we will not consume time and space to further elaborate the proposition involved or the reasons supporting it, but refer the inquiring reader to those cases for such information.

The next contention of the construction company and its surety is that the claim of the appellee is for profits, and hence not covered by the contract or bond. It is very difficult to get at this nebulous contention of appellants. The construction they put upon the transaction is a very strained one. As well said in appellee's brief: "Certainly the requirement that the contractor pay for labor, material and supplies furnished in connection with the construction plainly means that it pay the cost to the contractor (general) for such labor, materials and supplies and therefore covers whatever profit third parties are making in furnishing such labor, material and supplies in the prosecution of the work. The appellants assume that the cost of labor, material and supplies is the cost of those parties furnishing the same, whereas the obligation of the appellants is to pay claims against themselves for the cost to themselves for such labor, material and supplies."

Appellants next contend that their exceptions to the testimony of J. Neal Morris, who testified for the appellee, should have been sustained. Mr. Morris was one of the engineers of the state highway commission on this job, and it was on his estimate that the payments were made by the state highway commission for the work which was done. He testifies unequivocally that of his own knowledge, refreshed from the records he made at the time, Allen performed the work and furnished the material and supplies, for which he herein seeks compensation. Appellants contend that Morris' testimony is incompetent, and that the reports which he

made to the state highway commission should have been introduced instead of Morris being permitted to testify concerning the work covered by them. While perhaps these reports might have been admissible in evidence, they would have been so on the legal assumption of their verity because made by one whose duty it was to make them in the course of and in the discharge of that duty. In the last analysis, their verity depends on the integrity of the work of the one who made them. Surely, then, Morris, who made up these reports, may come into court and state from his own knowledge what the facts are. If the appellants wished to contradict him or to question the accuracy of his recollection, they should produce the reports for the purposes indicated. We find no error in the admission of Morris' testimony.

Lastly, it is claimed that appellee was estopped by his laches in failing to assert his claim within a reasonable time. "Laches" is not simply delay, but delay that works prejudicial injury. Maryland Casualty Co. v. Dickerson, 213 Ky. 305, 280 S. W. 1106; Richardson's Adm'r v. Morgan, 233 Ky. 540, 26 S. W. (2d) 32; Trimble v. Kentucky River Coal Corp., 235 Ky. 301, 31 S. W. (2d) 367; Heyburn Bldg. Co. v. Highland Motor Transfer Co., 245 Ky. 514, 53 S. W. (2d) 944. There is no evidence here that the construction company and its surety have been placed in any worse position by Allen's delay in bringing suit than they would have been in had he more promptly done so. The Porter Company was bankrupt before Allen completed his work. The testimony shows that Sammons knew that Allen had not been paid for the work he had done after the Porter Company could not go ahead with its contract because of financial difficulties and the Sammons Company took charge of the financing. The record fairly indicates that the assets of the Porter Company did not or would not pay in full the claims which were against that company on account of the work done on this road, and for which the construction company and its surety under the contract and bond herein involved would have been liable in full. Hence it is plain that no prejudice was worked against the construction company and its surety by Allen's delay, and this essential element of the plea of laches is absent.

No error appearing in the judgment, it is affirmed.