## Royal Indemnity Co. v. International Time Recording Co. of New York.

(Decided Oct. 23, 1934.)

WOODWARD, HAMILTON & HOBSON for appellant.

GEORGE W. NORTON, Jr., and CRAWFORD, MIDDLETON, MILNER & SEELBACH for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The Utilities Appliance Company contracted with the Board of Education of Louisville to furnish certain electrical apparatus for a new school building. The appellee, International Time Recording Company, sold and delivered to that company materials which were installed in the building. Upon its failure to pay a balance of $585.12 on that account, the appellee recovered a judgment against the appellant, as surety on the bond of the Utilities Appliance Company, from which this appeal is prosecuted.

The contract between the Utilities Appliance Company and the Board of Education provided that "* * * and said contractor will promptly pay for all labor performed and all material used or furnished in completing said work and carrying out this contract."

The pertinent part of the bond is as follows:

"But the conditions of this obligation are such that whereas said principal has entered into a written contract with said board for electrical wiring, clock and program, telephone and fire alarm systems in the James Russell Lowell Elementary School, which said contract dated the 9th day of March is attached hereto and made a part hereof.

"Now if said principal shall well and truly keep and perform all and each of the terms, conditions and agreements of said contract required thereon to be kept and performed by said principal, then this obligation to be void, otherwise to remain in full force and effect."

As pointed out in Standard Oil Company v. National Surety Company, 234 Ky. 764, 29 S. W. (2d) 29, we have two lines of cases involving liability under building contracts and bonds of this kind to laborers and materialmen for services or material furnished for the building and not paid for by the contractor. The difference is not a confusion in the law, but arises from the different terms of the instruments. It is settled that the contract and the bond in such cases must be read together in order to ascertain the intention of the parties and consequent liability or nonliability. The bond in the instant case specifically makes the contract a constituent part of it. The contract expressly provides that the contractor shall pay for all material used or furnished in completing the work and carrying out its agreement. The bond guaranteed that it would do so, and it did not. It is, therefore, clear that this is of that class of obligation which inures to the benefit of third parties, or creditor beneficiaries, and is not confined to the obligee; that is, the owner of the building. The appellee having shown itself entitled to the benefits of the contract and the bond, the judgment must be held proper. Our conclusion is supported by Dayton Lumber & Manufacturing Company v. New Capital Hotel, 222 Ky. 29, 299 S. W. 1063; Mid-Continent Petroleum Corporation v. Southern Surety Company, 225 Ky. 501, 9 S. W. (2d) 229; American Surety Company v. Noe, 245 Ky. 42, 53 S. W. (2d) 178; J. T. Jackson Lumber Company v. Union Transfer & Storage Company, 246 Ky. 653, 55 S. W. (2d) 670; Century Indemnity Company v. Shunk Manufacturing Company, 253 Ky. 50, 68 S. W. (2d) 772;

Blair & Franse Construction Company v. Allen, 251 Ky. 366, 65 S. W. (2d) 78; and other cases cited therein.

The judgment is affirmed.