# Massachusetts Bonding & Insurance Co. v. United States Radiator Corporation et al.

### (Decided Oct. 20, 1936.)

WOODWARD, DAWSON & HOBSON for appellant.

GROVER THOMPSON, I. J. MILLER, and HOLLAND & ZER-FOSS for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The Fayette county board of education filed the petition in this case setting up its contract with the defendant, R. L. Cranfill, for the installation of plumbing and heating in the Bryan Station high school building, and the bond executed by him with the defendant, Massachusetts Bonding & Insurance Company, as surety, guaranteeing the performance of his contract. It is alleged that other defendants had furnished material to the contractor for which they had not been paid. The board of education had $2,175 in its hands due Cranfill on the contract. It called upon the materialmen to set up their claims and asked the judgment of the court as to the disposition of that fund. By cross-petitions the materialmen pleaded that the contractor and the surety on his bond were liable to them for the amount of their respective claims. Judgment was rendered against the contractor and the surety in favor of the several materialmen, to be credited by the pro rata distribution of the fund held by the board. The surety prosecutes this appeal against those materialmen whose judgments are sufficient in amount to give this court jurisdiction.

As is pointed out in Standard Oil Co. v. National

Surety Co., 234 Ky. 764, 29 S. W. (2d) 29, and subsequent opinions, there are two classes of contracts and bonds of this character coming before us. One class is made for or inures to the benefit of the materialmen, and the other is, or does not. The center of the argument here is as to which class these documents are to be assigned.

The contract between Cranfill and the board of education obligated the contractor to furnish all material and perform all work shown by the drawings and described in the specifications. Those specifications are expressly made a constituent part of the contract by reference and identification. In them appears this clause:

"Unless otherwise stipulated, the contractor shall provide and pay for all materials, labor, water, tools, equipment, light and power, transportation and scaffolding necessary for the execution of the work as shown or reasonably implied in the plans and specifications."

The contract provides:

"The contractor is required to furnish bond covering the faithful performance of the contract and the payment of all obligations arising thereunder, in such form as the owner may prescribe and with such sureties as he may approve."

A bond whose terms comply with such a contract is regarded as binding the surety to satisfy the contractor's obligations. Royal Indemnity Co. v. International Time Recording Co. of New York, 255 Ky. 823, 75 S. W. (2d) 527. This one does not do so. It contains limitations which apparently were not contemplated by the terms of the contract, although it was stipulated that the board of education should prescribe its form. The only condition of liability throughout the entire instrument is:

"If the principal shall indemnify the obligee [school board] against any loss or damage directly arising by reason of the failure of the principal [the contractor] to faithfully perform said contract, then this obligation shall be void; otherwise, to remain in full force and effect."

The right of materialmen to recover payment of their bills of the surety in bonds of this class usually

rests upon the conception that they were made in part for their use and benefit, and the right of action inures to those materialmen directly against the surety. But there can be no such implication or conception here, for, in addition to the above-quoted clause, which merely bound the surety to indemnify the owner against loss or damage, it was very clearly stipulated to the contrary. Among the terms of the bond and suretyship is the following:

"That no right of action shall accrue upon or by reason hereof, to or for the use or benefit of any one other than the obligee herein named; that the obligation of the surety is and shall be construed strictly as one of suretyship only."

While the bond and the contract are to be read together to ascertain the intention of the parties and to fix the responsibility of the surety (J. T. Jackson Lumber Co. v. Union Transfer & Storage Co., 246 Ky. 653, 55 S. W. [2d] 670), if the parties directly concerned limited that liability it must be regarded.

Because of public policy in relation to mechanics' and materialmen's liens on public buildings, a hardship may perhaps develop from a failure to provide that the surety on the contractor's bond shall be liable to the payment of mechanics and materialmen. But parties directly interested had the legal right to make the contract they did make here, and those who afterwards furnished material to the contractor could not claim it should have been different. The contract of suretyship was only to indemnify the board of education against any loss through a failure of the contractor to comply with his contract, and it is not shown that any such loss has been suffered. Neither the board nor the contractor is a party to the appeal.

We are of the opinion, therefore, that the judgment is erroneous.

Judgment reversed.

Whole court sitting.