## Trinity Universal Ins. Co. v. Coker.

April 25, 1941.

J. H. Gold and Sam H. Brown for appellant.

Clifford E. Smith and Clyde E. Reed for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

Appellant was surety on the bond of the White Construction Company which had contracted with the Department of Highways to construct a section of the Princeton-Wilson Warehouse Road. The bond guaranteed the performance of the contract and the full payment of the claims of all persons supplying labor and materials in the prosecution of the work. The White Construction Company failed to pay numerous claims, and, to procure their liquidation, this action was insti-

tuted by the appellant against the Construction Company, the Department of Highways, and the claimants. An attachment was procured against the funds due the Construction Company by the Highway Department, and among the claims listed as due and owing by the Construction Company was that of the appellee for $1,428.05. A joint and separate answer, counterclaim, and cross-petition was filed by the claimants, and thereafter the appellant filed an amended petition in which it withdrew its allegation that the Construction Company was indebted to the appellee. By amendments to the original answer, counterclaim, and cross petition, the appellee alleged that his total claim was $1,549.94, of which, $1,506.33 represented 25% of the net profits derived by the Construction Company from the portion of the work completed by the appellee under his written contract, and $43.61 represented the amount due him for additional labor. In its reply the appellant traversed the allegations referred to and pleaded affirmatively that the services rendered by appellee to the Construction Company were not "labor" as defined by Kentucky Statute Section 2495-2, which provides that that term shall not be construed as including work done by any officer, superintendent, or stockholder of a corporation, and that, accordingly, the obligation of the Construction Company to appellee was not covered by the bond. The amount due by the Construction Company to appellee is not in dispute, and the material question presented for decision is whether appellee performed his work as a sub-contractor under the Construction Company or as a superintendent employed by it in that capacity.

Since it is argued by appellant's counsel that appellee's relationship to the Construction Company and the character of the work performed by him must be determined by the terms of the contract between appellee and the Construction Company unaided by parol testimony, it is necessary to set forth the terms of the contract in full:

"Whereas:

"Party of the second part agrees to supervise or oversee or to be responsible for the part of the above named project known as concrete work in accordance with Kentucky State specifications as follows:—

1348.78 C. Y. Class A Concrete at...$14.00 per C. Y.
112260 lbs. of structural steel at...    .04 per lb.
2275 yds. structural excavation at..    .60 per C. Y.
1251 L. F. Concrete Cross Drain
    18' at...........................    1.70 per L. F.
762 L. F. Concrete Cross Drain
    24' at...........................    2.60 per L. F.

"Party of the second part further agrees to complete the concrete work on this job by January, 1939, or at any time.

"It is further understood or agreed that party of the second part is to be subject to the orders or directions of the management of White Construction Company.

"Party of the second part agrees to keep the concrete work ahead or out of the way of the Roadway Excavation in order not to delay same.

"Party of the second part agrees to furnish whatever concrete tools or equipment he may have on hand, such as picks or shovels, etc.

"Party of the first part agrees to pay to the party of the second part $35.00 per week during the time the above concrete work is being done, and 25% of the profits on the same when the whole job is completed and the State takes it up.

"For failure to perform any part of the above contract party of the second part agrees to forfeit any rights to a share in the profits or any of his tools that may be on the job.

"Should it become necessary, for some unforeseen reason, for the party of the first part to discharge the party of the second part, all rights to share in the profits are forfeited.

"Party of the first part agrees to furnish the necessary equipment, to buy the materials and pay the labor.

"Witness our hands this 22nd day of June, 1938.

"White Construction Company
"By A. W. Denhan, G. M.
"J. G. Coker."

We have been cited no case directly in point, and, since it is conceded that appellee is not entitled to recover on the bond if he was employed by the Construction Company as a superintendent, it is not necessary to discuss the authorities cited by appellant's counsel holding that a superintendent cannot assert a mechanic's lien under statutes conferring such rights upon persons performing labor. However, the fact that appellee was paid $35 per week by the Construction Company, and that the balance of his compensation was to be a percentage of the net profits, does not militate against his right to recover that balance, if, as the Chancellor found, he was in fact a sub-contractor. Blair & Franse Construction Co. et al. v. Allen, 251 Ky. 366, 65 S. W. (2d) 78. The proof showed without contradiction that appellee had been a road contractor for many years; that he was not a stockholder or officer of the Construction Company; and that prior to the execution of the contract set forth above, had never been in the employ of or in any manner connected with the Construction Company. It further showed that he engaged all the labor employed in completing his contract, with the exception of one man, and that he furnished practically all of the equipment, including two trucks. No person representing the Construction Company exercised any supervision or control over him; he kept the time of the laborers, approved their checks, and ordered all materials and supplies. It is true that the orders for materials and supplies were placed with companies from whom the general contractor had obtained bids, and that the general contractor paid the bills for both labor and material, but they were paid only after having been approved by appellee and the amounts were charged to him by the general contractor on the latter's books. This is shown to have been the usual custom prevailing between contractors and sub-contractors on road projects. The general manager of the Construction Company testified that the contract for the concrete work was sublet to the appellee; that one Forrest Kincaid was the Company's superintendent on the job; and that appellee was never at any time a superintendent or employee of the Company. Without further elaboration, it is sufficient to say that the testimony clearly indicates that appellee was in fact a sub-contractor, notwithstanding the inept wording of the contract and the fact that he was paid $35 per week during the period consumed

in completing the contract. We find nothing in the record which would warrant us in disturbing the Chancellor's fact finding to this effect. Deep v. Farmers' National Bank of Lebanon, 247 Ky. 801, 57 S. W. (2d) 1002.

We find no merit in the contention of appellant's counsel that the testimony above mentioned was incompetent. Its purpose was not to vary either the amount of appellee's compensation or the Construction Company's liability therefor under the terms of the written contract. The liability of the Construction Company was not disputed and the sole purpose of the testimony was to throw light upon the capacity in which appellee performed the services for which the Company was indisputably obligated to pay him. As between the parties to the contract, the capacity in which the services were rendered was wholly immaterial. Even if there had been a dispute between appellee and the Construction Company involving the capacity in which appellee had performed the contract, the testimony would have been competent as showing the construction which the parties themselves had placed upon it. Hence, the Court did not err in overruling appellant's exceptions. Mitchell v. Southern Railway Company, 124 Ky. 146, 74 S. W. 216, 24 Ky. Law Rep. 2388.

Judgment affirmed.