259 F.2d 147
 AMERICAN RADIATOR & STANDARD SANITARY CORPORATION, a Corporation, Appellant,
v.
L. L. FORBES and A. W. Bodine, Doing Business as L. L. Forbes Construction Company, and The Home Indemnity Company, a Corporation, Appellees.
 No. 15651.
 United States Court of Appeals Ninth Circuit.
 April 3, 1958.
 
 Fennemore, Craig, Allen & McClennen, Philip E. Von Ammon, Phoenix, Ariz., for appellant.
 John A. Murphy, Stahl, Murphy & Blakley; Jennings, Strouss, Salmon & Trask, O. M. Trask, Phoenix, Ariz., for appellees.
 Before STEPHENS, Chief Judge, and HEALY and FEE, Circuit Judges.
 JAMES ALGER FEE, Circuit Judge.
 
 
 1
 This is an action by a materialman who furnished materials to a subcontractor, which were used in the construction of a schoolhouse in Arizona, against the principal, which was the contractor, and the surety on a bond. After trial, upon an agreed statement of facts and a stipulation, the District Court entered judgment against the materialman. This appeal followed.
 
 
 2
 The questions of law to be decided by this Court are:
 
 
 3
 Was the contract between the principal contractor and the school district intended to confer benefit upon a third party, the appellant, who supplied goods only to a subcontractor, or was the contract a statement of the obligations of the school district and the principal contractor alone?
 
 
 4
 Where the condition of the bond is that the surety shall indemnify the school district, does any statute of the state of Arizona applicable to the situation give a right of action other than to the school district?
 
 
 5
 Is liability affected by the fact (a) that the principal contractor contracted in writing with the school district to provide and pay for all materials necessary to complete the work, (b) that the principal contractor has accepted payment of the statutory retention fund without having furnished to the public authority any receipt or lien waiver evidencing payment for the materials to the supplier thereof although receipt of payment to the subcontractor has been furnished, (c) that the principal contractor has received prior actual notice that the supplier of material has not been paid?
 
 
 6
 The facts material to a solution of these questions appear in the stipulation, as follows:
 
 
 7
 On September 30, 1954, Forbes and Bodine (hereinafter referred to as "Forbes") entered into a contract with the Board of Supervisors of Maricopa County, Arizona, acting as the agents of Glendale Union High School District, for the construction of classroom additions to the high school. Simultaneously with the execution of the contract and in compliance with Section 10-610, 1939 Arizona Code Annotated (hereinafter quoted in part), Forbes furnished to the Board of Supervisors a contract bond with The Home Indemnity Company, a New York corporation, as surety.
 
 
 8
 Subsequently, Forbes subcontracted with Bachman for all plumbing materials and labor for the classroom construction. Bachman, in turn, purchased plumbing materials and supplies to install in the job from plaintiff American Radiator and Standard Sanitary Corporation (herein-after sometimes called the "Radiator Company"), a Delaware corporation. Materials supplied by plaintiff to the subcontractor Bachman were used in the classroom construction. Bachman completed his subcontract and was paid in full by Forbes.
 
 
 9
 The construction was completed July 16, 1955, at which time Forbes filed a notice of completion with the Board of Supervisors. On July 18, 1955, plaintiff mailed to the school district, Forbes, Bachman and the surety a notice claiming $10,594.52 was due plaintiff for material furnished Bachman for installation in the classrooms. Subsequent to receipt of this notice, the school district, through the Board of Supervisors, paid the final sums due on the contract to Forbes. It did not pay any sums to plaintiff.
 
 
 10
 Since the bond was conditioned upon indemnification by the principal contractor of the obligee for loss or damage directly caused by the failure of said contractor faithfully to perform the contract, the first inquiry must be whether there was a breach of any term of the agreement. There is only one breach claimed of the promises which are expressly contained in the contract. It is said there was a failure to perform the obligation contained in the following language:
 
 
 11
 "Article 3. Materials, Appliances, Employes — Except as otherwise noted, the Contractor shall provide and pay for all materials, labor, tools, water, power and other items necessary to complete the work.
 
 
 12
 "Unless otherwise specified, all materials shall be new, and both workmanship and materials shall be of good quality.
 
 
 13
 "All workmen and sub-contractors shall be skilled in their trades."
 
 
 14
 as supplemented by Article 1 of the General Conditions, which reads:
 
 
 15
 "The intent of these documents is to include all labor, materials, appliances and services of every kind necessary for the proper execution of the work, and the terms and conditions of payment therefor."
 
 
 16
 It seems clear enough that these clauses were fulfilled and faithfully performed in the event Forbes had paid Bachman, the sub-contractor, for the work and materials which went into the building. The Radiator Company trusted Bachman. By the express stipulation, the school district and the Board of Supervisors sought only that no claims could be presented to them. Therefore, if Forbes had paid Bachman, he had fulfilled this portion of the contract. Thus the language used does not imply that a supplier of material to Bachman was within the purview of the contract. There is no express indication that the parties were contemplating any third person or were attempting to make a stipulation for the benefit of the Radiator Company or anyone else. There was no evidence of such an intention. No extrinsic testimony was introduced to prove such intention. There is no clause in the stipulation to that effect. As a result, the trial court made no finding to that effect. The District Court treated the matter as one of law involving the construction of the writing. It was concluded that Forbes did not undertake any obligation toward the Radiator Company to pay for plumbing materials and supplies sold by the Radiator Company to Bachman. The doctrine announced by the Supreme Court of Arizona as to third party beneficiary contracts would go no further than this.[1] We agree with the trial judge that Radiator Company had no right of action as a third party beneficiary against Forbes. The school district and the Board of Supervisors had been dismissed from the action and were therefore not liable to the Radiator Company on the contract.
 
 
 17
 Thus there is proof positive that the obligee on any bond issued could not have been injured, because no claim could be successfully asserted against either on the contract. The sub-contractor Bachman appears to have been a defendant in the action, but has disappeared in some manner, we know not how. Forbes obviously was not liable to the Radiator Company on the contract.
 
 
 18
 But the claim of the Radiator Company is that the Bonding Company is liable because of an Arizona statute, the terms of which are read into the contract and bond. This statute reads in part as follows:
 
 
 19
 "If a bid be accepted, said body or board [the Board of Supervisors] shall require the successful bidder to enter into a written contract for the erection and completion of said buildings and the furnishing thereof, and require from him a bond in the amount of the contract, conditioned upon the faithful performance of the contract, such bond to be approved by the body or board."[2]
 
 
 20
 The District Court found that the bond was furnished to the Board of Supervisors as required by this section. Therefore, the language thereof was incorporated in the bond.
 
 
 21
 Upon its face this statute bears no evidence of a legislative intent to require payment of furnishers of material to a subcontractor to be protected by the bond. The language, "conditioned upon the faithful performance of the contract," indicates clearly that the supplier of material to a subcontractor, who had no right against the principal contractor as a third party beneficiary on the contract, would likewise have no right against the statutory bond.
 
 
 22
 The bond on its face contains two defenses to this action: (1) that the Bonding Company shall indemnify the named obligee (the school district or the Board of Supervisors), and (2) that third parties are expressly denied the right to sue thereon.
 
 
 23
 Nothing in the Arizona statute expressly states that a third party, such as a supplier of material to a subcontractor, is protected by a performance bond given under its terms. The protection of the statutory bond is for the school district and the Board of Supervisors. The language of the statute, "conditioned upon the faithful performance of the contract, such bond to be approved by the body or board," indicates that, so long as the school board was protected, any restrictions as to third persons pleasing to the school district or the Board of Supervisors could be written into such a bond.
 
 
 24
 There is no decision of Arizona which construes such a bond or the statute in accordance with the contentions of appellant. Arizona follows the rule that the provisions of a bond will be construed most strongly against a paid surety.[3] But here the language is plain, and there is no room for construction.
 
 
 25
 Porter v. Eyer, 80 Ariz. 169, 294 P.2d 661, is cited, which involves the application of Section 67-2318(a), Arizona Code Annotated, 1939 (1952 Cum.Supp.), to a particular bond. All parties agree that the cited statute is not applicable to the bond here. The opinion is not then persuasive as to the effect of the bond in the instant case. The language of this section, found to be incorporated in the bond in the Porter case, was held decisive. But here that language was not incorporated in the bond in the instant case. The other cases cited depend so much for interpretation on the policy and statutes of some other jurisdiction and the terms of particular bonds that no light is thrown on the problem in the case at bar.[4]
 
 
 26
 However, the statute here involved does contain the following language:
 
 
 27
 "Ten (10%) percent of all estimates * * * as guarantee of the complete performance of the contract, to be paid to the contractor within sixty-five (65) days after completion, or on filing of notice of completion, or (of) the contract, provided the contractor has duly furnished the agent satisfactory receipts for all labor and material bills and waivers of liens from any and all persons holding claims against the work." Section 10-610, Arizona Code Annotated, 1939 (Supp.1952).
 
 
 28
 Appellant contends that, since it gave notice to the principal contractor, the school district and the Board of Supervisors before the expiration of the sixty-five days that its claim had not been paid, and the final amounts were still paid to the principal contractor, therefore the statute was violated. It is true this statute is part of the bond, and its direction must be carried out to the letter. Forbes did furnish receipts, satisfactory to the school district and the Board of Supervisors, that he had paid the material bills to the subcontractor Bachman before the final estimates were paid to Forbes. Thus these provisions of the statute were fulfilled. As we have seen, the Radiator Company had no rights under the contract. The receipt of Bachman, if satisfactory to the school district and the Board of Supervisors, was sufficient.
 
 
 29
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 "This court * * * has adopted the rule that the intent [to benefit a third party] must be indicated in the contract iself." Irwin v. Murphey, 81 Ariz. 148, 152-153, 302 P.2d 534. "Under the law as laid down by this court and which we feel is stare decisis, it definitely must appear that the parties [to the contract] intend to recognize the third party as the primary party in interest * * * in order for the third party to recover." Irwin v. Murphey, supra, 81 Ariz. at page 154, 302 P.2d at page 537
 
 
 [2]
 Section 10-610, Arizona Code Annotated, 1939 (Supp.1952). This section is now found, with some minor changes in verbiage, at Section 35-460, Arizona Revised Statutes Annotated
 
 
 [3]
 Massachusetts Bonding & Ins. Company v. Lentz, 40 Ariz. 46, 9 P.2d 408
 
 
 [4]
 However, for a case dealing with very similar contract and surety bond provisions to those in the instant case, see Massachusetts Bonding & Insurance Co. v. United States Radiator Corporation, 265 Ky. 661, 97 S.W.2d 586